# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Einar J. Otterness, | Case No. 17-cv-4767 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Andersen Windows Corporation, | |
| The Hartford, | |
| Old Republic Insurance Company, *Administered by Gallagher Bassett Services, Inc.*, and | |
| Menk & Menk Law Firm, | |
| Defendants. | |

Einar J. Otterness, P.O. Box 210, Stillwater, MN 55082 (pro se Plaintiff); and

David M. Wilk, Larson King, LLP, 30 East Seventh Street, Suite 2800, St. Paul, MN 55101-4922 (for Defendant Andersen Windows Corporation).

This matter came before the Court on Defendant Andersen Windows Corporation's ("Andersen")[1] Motion to Compel (ECF No. 59). A hearing was held on October 10, 2018. Plaintiff Einar J. Otterness appeared pro se. Andersen was represented by attorney David M. Wilk.

---

[1] Andersen maintains that it has been improperly identified as "Andersen Windows Corporation" rather than "Andersen Corporation."

Andersen moves to compel responses to discovery first served on Plaintiff on February 27, 2018. Under the Federal Rules of Civil Procedure, Plaintiff had 30 days to respond to these interrogatories and document requests. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A).

When Plaintiff failed to respond within the time allotted, Andersen followed up with Plaintiff about the middle of April. Plaintiff replied that he was working on responding to Andersen's requests. Andersen followed up with Plaintiff again at the end of April, in the middle of May, and in the beginning of June. Plaintiff did not respond.

Near the end of July, the Court held a pretrial scheduling conference. At the pretrial scheduling conference, Plaintiff provided Andersen with a disc containing various documents. Plaintiff still had not, however, responded to Andersen's discovery requests. The following day, Andersen resent the discovery requests to Plaintiff, asking that Plaintiff respond by September 1. Plaintiff has not responded to Andersen's discovery requests and did not file a response to Andersen's motion to compel.

The Court recognizes that Plaintiff is proceeding pro se. Yet, as this Court previously observed, Plaintiff's pro se status does not excuse him from complying with the Federal Rules of Civil Procedure. *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002). (Report & Recommendation at 12-13, ECF No. 44.) Plaintiff is required to comply with his discovery obligations and respond to Andersen's discovery requests. *E.g.*, Fed. R. Civ. P. 33(b)(3) (requiring interrogatories to "be answered separately and fully in writing under oath"), 34(b)(2)(B) (requiring a response for each request for production). Plaintiff's continued failure to do so may result in sanctions, including but

2

not limited to the dismissal of this lawsuit. *See* Fed. R. Civ. P. 37(b)(2), (d). Andersen's motion is granted.

Lastly, at the hearing, Plaintiff orally moved for the appointment of counsel. "In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam); *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). For the reasons stated on the record, which are expressly incorporated herein by reference, Plaintiff's oral motion is denied without prejudice. *See Ward*, 721 F.3d at 942; *Phillips*, 437 F.3d at 794; *see also Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam).

Therefore, **IT IS HEREBY ORDERED** that:

1. Andersen's Motion to Compel (ECF No. 59) is **GRANTED**.

2. **On or before November 1, 2018**, Plaintiff shall respond fully to "Defendant Andersen's First Set of Interrogatories to Plaintiff" and "Defendant Andersen's First Request for Production of Documents to Plaintiff."

3. Plaintiff's oral motion for the appointment of counsel is **DENIED WITHOUT PREJUDICE**.

4. All prior consistent orders remain in full force and effect.

5. **Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of**

**whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.**

Date: October  10 , 2018                              *s/ Tony N. Leung*
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota


                                                      *Otterness v. Andersen Windows*
                                                      *Corporation et al.*
                                                      Case No. 17-cv-4767 (NEB/TNL)